IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SALVADOR S. MARTINEZ,

    Plaintiff,

   v.        CASE NO. 08-3009-SAC

MARK J. SACHSE,

    Defendant.

### O R D E R

In this "civil action for damages," a prison inmate sues a private attorney retained by him to represent him in federal criminal proceedings[1], based upon claims of "legal malpractice and negligence." Plaintiff asserts diversity jurisdiction under 28 U.S.C. § 1332(a)(1), and advises his claims "sound in both tort and contract" under state law.

Plaintiff filed a nearly identical complaint against a federal public defender who was appointed and represented him at different times in the same federal criminal proceedings. Martinez v. Wurtz, Case No. 08-3008 (D.Kan. Apr. 24, 2008). In the Wurtz case, plaintiff submitted sufficient facts showing he is a resident of Indiana. Since defendant Sachse is alleged to be a resident of Kansas, diversity of citizenship is established. Nevertheless, for

---

[1] Mr. Sachse was retained by plaintiff as his defense counsel in criminal proceedings in this district in United States v. Martinez, Case No. 99-40072-RDR (D.Kan.). The court takes judicial notice of the docket sheet in the criminal case, which indicates that Mr. Sachse entered his appearance on March 14, 2001; represented plaintiff at trial, which began on April 1 and concluded on April 9, 2002; and was allowed to withdraw on August 5, 2002, when another attorney was appointed to represent plaintiff.

the same reasons as in Wurtz, the court concludes this action should be dismissed.

**FACTUAL BACKGROUND**

On April 9, 2002, plaintiff was found guilty by a jury of possessing, and conspiring to possess, more than 500 grams of methamphetamine and sentenced to life in prison. In 2005, his life sentence was vacated based upon a change in the law, after his initial sentencing but before conclusion of the appellate process, published in United States v. Booker, 534 U.S. 220 (2005). Plaintiff was re-sentenced in 2007, to two concurrent terms of 240 months imprisonment, plus two concurrent terms of 5 years post-release supervision.

Plaintiff generally alleges that between April 14, 2001, and April 9, 2002, defendant Sachse "falsely and negligently" represented to plaintiff and the court that he "possessed the requisite knowledge and ability to adequately defend plaintiff" in the "complex" criminal proceedings. He claims defendant violated American Bar Association ethical standards by "maintaining an excessive caseload," which interfered with his ability to represent plaintiff and resulted in plaintiff being convicted, and that defendant failed to study and otherwise prepare in order to adequately and competently represent him in his "novel" criminal case. Plaintiff seeks compensatory and punitive damages, and disbarment of defendant Sachse for at least 5 years.

At the outset, the court notes it has no authority to enter

2

an order in this action disbarring defendant Sachse from the practice of law.  Attorney disciplinary proceedings must be initiated through the Office of the Disciplinary Administrator.

**ACTION PREMATURE UNDER EXONERATION RULE**

Kansas is "one of the majority of states" that requires a legal malpractice plaintiff claiming his former criminal attorney was negligent to have previously obtained post-conviction relief. When the Kansas Supreme Court adopted the exoneration rule it recognized, by implication, that a legal malpractice claim would not "accrue" until exoneration occurred. See Canaan v. Bartee, 276 Kan. 116, 131-32, 72 P.3d 911 (Kan.), cert. denied, 540 U.S. 1090 (2003)(Under the theory of exoneration "a plaintiff has no cause of action until he or she can establish the causation element of his or her claim," and "the plaintiff has no cause of action deserving of constitutional protection until exoneration occurs.").  The record in plaintiff's federal criminal case indicates his conviction was affirmed for the second time on direct appeal to the Tenth Circuit Court of Appeals on February 22, 2008, (Appeal No. 07-3074), and he has not sought relief under 28 U.S.C. § 2255.  The court concludes Mr. Martinez currently has no cause of action against his former defense counsel under Kansas law because he has not been exonerated.

**ACTION PREMATURE UNDER HECK**

This action must also be dismissed without prejudice as premature under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held that when a judgment in plaintiff's favor in a civil action would necessarily imply the invalidity of his criminal conviction, the civil cause of action does not arise until his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized tribunal, or called into question by the issuance of a federal habeas corpus writ[2]. See id. at 486-87.

Mr. Martinez does not circumvent the decision in Heck because he asserts state tort claims of negligence and malpractice, rather than a claim of ineffective assistance of counsel under the Sixth Amendment. Nor is the court limited to considering plaintiff's claims only as characterized by him. Instead, under Heck, a court is required to analyze whether or not a decision on plaintiff's claims would impugn his criminal conviction or sentence.

The only counsel errors alleged by plaintiff are trial-type errors, such as failure to adequately prepare due to an excessive caseload plus lack of expertise and knowledge. Moreover, Mr. Martinez clearly complains that defendant's challenged actions or inactions resulted in his conviction; and alleges no actual, compensable injury other than his being convicted. In fact,

---

[2] The Heck rule for deferred accrual is called into play when there exists "a conviction or sentence that has not been . . . invalidated." "It delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn." Wallace v. Kato, ___U.S.___, 127 S.Ct. 1091, 1098 (2007).

4

plaintiff alleges very little, if any, factual basis for his claims of incompetent representation.  The court finds that success on plaintiff's claims would necessarily imply the invalidity of his criminal conviction.

The court further finds there is no indication in plaintiff's filings or the court record that the criminal proceedings concluded in his favor.  Based on these findings, the court concludes plaintiff's claims are premature under Heck.  Mr. Martinez has no cause of action based upon his claims of negligence and malpractice by defense counsel unless and until his federal conviction is determined to be invalid.  See Parris v. United States, 45 F.3d 383, 384 (10th Cir.), cert. denied, 514 U.S. 1120 (1995); Woodward v. Sedgwick County Jail, 927 F.Supp. 1473 (D.Kan. 1996), aff'd, Woodward v. Paige, 106 F.3d 414 (10th Cir. 1997, Table); Stephenson v. Reno, 28 F.3d 26, (6th Cir. 1994)(Where claims for money damages implicated federal conviction, Heck applied); Echols v. Dwyer, 914 F.Supp. 325 (E.D. Mo. 1996), aff'd, 104 F.3d 363 (8th Cir. 1996); St. Germain v. Isenhower, 98 F.Supp.2d 1366, 1373 (S.D.Fla. 2000)(malpractice and negligence claims against federal public defenders who represented plaintiff dismissed without prejudice under Heck); see also Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9th Cir. 1997)(torts of false arrest and false imprisonment in connection with criminal conviction do not accrue until conviction reversed, citing Heck).

The allegations Mr. Martinez makes to support his legal malpractice claim do not differ significantly from allegations of

ineffective assistance of counsel under the Sixth Amendment. See e.g., St.Germain, 98 F.Supp.2d at 1373, citing Strickland, 466 U.S. at 688, 694 ("A defendant who can show that his counsel's representation fell below an objectively reasonable standard and resulted in prejudice is entitled to have his conviction set aside."). In Kansas:

> "In order to prevail on a claim of legal malpractice, a plaintiff is required to show (1) the duty of the attorney to exercise ordinary skill and knowledge, (2) a breach of that duty, (3) a causal connection between the breach of duty and the resulting injury, and (4) actual loss or damage." Bergstrom v. Noah, 266 Kan. 847, 874, 974 P.2d 531 (1999). In addition to those four elements, to prove legal malpractice in the handling of litigation, a plaintiff must establish the validity of the underlying claim by showing that it would have resulted in a favorable judgment in the underlying lawsuit had it not been for the attorney's error. (Cite omitted).

Canaan, 72 P.3d at 914-15. In order to obtain reversal of a conviction based upon an ineffective assistance of counsel claim, a criminal defendant must demonstrate that (1) counsel's performance was deficient, which requires showing counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) the deficient performance prejudiced the defense, which requires showing counsel's errors were so serious as to deprive the defendant of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). As a general matter, counsel is deemed effective if his performance is reasonable under prevailing professional norms. Id. at 688. To prevail, a defendant must show "a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  Likewise, in a legal malpractice action in Kansas, a plaintiff must show that his attorney failed to use that degree of learning, skill, and care that a reasonably competent lawyer would use in similar circumstances.  See Bowman v. Doherty, 235 Kan. 870, 878, 686 P.2d 112 (1984)[3].  Other courts have also recognized that the standard of proof for a claim of ineffective assistance of counsel is equivalent to that for a claim of legal malpractice, while holding that a decision in one would generally have preclusive effect in another.  See e.g. McCord v. Bailey, 636 F.2d 606, 609 (D.C.Cir. 1980); Praxair, Inc. v. Hinshaw & Culbertson, 235 F.3d 1028, 1031 (7th Cir. 2000)(Negligent legal representation is a failure to meet minimum professional standards, and is thus equivalent to what in Sixth Amendment cases is called ineffective assistance of counsel); Webb v. Pomeroy, 8 Kan.App.2d 246, 249, 655 P.2d 465 (Kan.App. 1982)(As to the prejudice aspect of the standard, a plaintiff in a legal malpractice case must show that but for the negligence of the attorney, the outcome of the underlying lawsuit would have been successful; which is similar to the requirement that a criminal defendant claiming ineffective assistance of counsel show that, but

---

[3] In Schoonover v. State, 2 Kan.App.2d 481, 582 P.2d 292 (1978), the court noted that the "reasonably competent" standard applied to claims of ineffective assistance of counsel is shorthand for the standards and rules imposed by the Code of Professional Responsibility.  They also "suppose[d]" that the reasonably competent standard "establishes a standard for malpractice, since lawyers, like other professionals, are required to have and exercise the learning and skill ordinarily possessed by members of their profession in the community." 21 Kan.App.2d at 488, 900 P.2d 254.

for counsel's errors, the result of the proceeding would have been different.); Rantz v. Kaufman, 109 P.3d 132, 140 (Colo. 2005)(Other jurisdictions that have adopted the Strickland test and examined this issue have held that the standard for proving ineffective assistance of counsel in a criminal proceeding is equivalent to the standard for proving legal malpractice in a civil proceeding [citing cases]); but see Kerkman v. Varnum, Riddering Schmidt and Howlett, 519 N.W.2d 862, 864 (Mich. 1994)(pointing to the "daunting standard for showing ineffective assistance," stating that "it cannot properly be said that a convicted person who does not prevail in an ineffective assistance case would necessarily be unable to show prejudice in a legal malpractice case").

Furthermore, while plaintiff makes the conclusory statement that defendant's negligence resulted in his being convicted, he alleges no facts suggesting that "but for" his attorney's malpractice, he would have obtained a favorable judgment. He thus has failed to allege an essential element of a legal malpractice claim under Kansas law. See Ellibee v. Fox, 244 Fed.Appx.839, at 842 (10th Cir. 2007), citing Canaan, 72 P.3d at 914-15. The court concludes this action must be dismissed, without prejudice, for failure to state a cause of action.

**PENDING MOTIONS**

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2). A complaint submitted with an in forma pauperis application is subject to dismissal by the court "at any time" for

8

frivolousness or failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).  The court has found this action should be dismissed under Section 1915(e)(2)(B).  It further finds plaintiff's Motion for Leave to Proceed in forma pauperis and plaintiff's Motion for Service (Doc. 3) should be denied as moot.

**IT IS THEREFORE ORDERED** that this action is dismissed, without prejudice, for failure to state a cause of action.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) and plaintiff's Motion for Service (Doc. 3) are denied as moot.

**IT IS SO ORDERED**.

Dated this 24th day of April, 2008, at Topeka, Kansas.

                                            s/Sam A. Crow
                                            U. S. Senior District Judge